## STATE OF CONNECTICUT *v.* ANTHONY CARIGNAN
### (AC 24133)

Schaller, Bishop and Hennessy, Js.

Argued March 26—officially released September 21, 2004

*Sebastian O. DeSantis*, special public defender, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *David J. Smith*, assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Anthony Carignan, appeals from the judgment of conviction rendered by the trial court subsequent to his plea of nolo contendere to the charge of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. On appeal, the defendant claims that the court improperly denied his request for an evidentiary hearing regarding his motion to withdraw his plea. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the defendant's appeal. In April, 1998, the defendant entered a plea of nolo contendere to a charge of having violated § 14-227a. As a result of his plea, the defendant was sentenced to a term of incarceration of six months, execution suspended after forty-eight hours, and one year of probation. In December, 2000, the defendant was arrested again and charged

with operating a motor vehicle while under the influence of intoxicating liquor. As a repeat offender of § 14a-227a, the defendant was subject to an additional penalty if convicted a second time. On March 11, 2003, the defendant filed a motion to withdraw his 1998 plea, claiming that ineffective assistance of counsel rendered the plea involuntary. The court found that it did not have the authority to consider the motion because of the general rule that a defendant may not withdraw his plea after the conclusion of the proceedings at which a sentence is imposed. Moreover, the court found that the defendant's claim did not fall into either of the two exceptions to that rule, which we will discuss. The court, therefore, denied the defendant's request for an evidentiary hearing on the matter and dismissed the motion to withdraw the plea. This appeal followed.

On appeal, the defendant claims that the court improperly denied his request for an evidentiary hearing regarding his motion to withdraw his 1998 plea. He claims that the court incorrectly determined that it did not have authority to grant the motion because his claim, which is that his plea was rendered involuntary due to ineffective assistance of counsel, satisfies an exception to the general rule that precludes the postsentencing withdrawal of a plea. We disagree. The dispositive issue is whether the court had the authority to consider the motion to withdraw the defendant's plea. Because we conclude that it did not, it follows that the court also lacked authority to hold an evidentiary hearing on the matter.

"As a threshold matter, we must determine whether the defendant's claims are reviewable due to the untimely filing of the motion [to withdraw the plea]. Practice Book § 39-26 provides in relevant part: A defendant may not withdraw his or her plea *after* the conclusion of the proceeding at which the sentence was imposed. . . . Our courts have held that [b]ecause

Practice Book § [39-26] precludes a defendant from withdrawing his plea after the conclusion of sentencing, [t]he failure of the defendant to make a motion to withdraw his plea before the conclusion of the proceeding at which the sentence was imposed ordinarily precludes review of claimed infirmities in the acceptance of a plea. . . .

"There are, however, two exceptions to that rule. First, review of the claim is allowable if the legislature grants the defendant the right to withdraw his plea after the time of sentencing. . . . Second, as with unpreserved claims raised on appeal after a trial, review of an unpreserved claim involving a guilty plea is allowable in cases in which the defendant asserts a constitutional claim that satisfies the requirements of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989)."[1] (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Webb*, 62 Conn. App. 805, 810–11, 772 A.2d 690 (2001).

Because the defendant's motion to withdraw his plea is untimely, as it was filed almost five years after sentencing, we must determine whether his claim is reviewable under either of the aforementioned exceptions. His claim is that ineffective assistance of counsel rendered his plea involuntary. That claim, therefore, does "not involve legislative authority allowing defendants to withdraw their guilty pleas beyond the time of sentencing. Instead, [his] . . . unpreserved [claim involves an] alleged due process [violation], which may

---

[1] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to address the harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

be reviewed if [it satisfies] the requirements of [*Golding*]."[2] Id., 812.

The defendant's claim does not satisfy the requirements of *Golding* because, as the court stated, the defendant was "not asserting an obvious 'on the record' constitutional defect in his 1998 guilty plea . . . . Rather, he seeks to prove through an evidentiary hearing that his lawyer's 'off the record' assistance was ineffective." The defendant concedes that the record is inadequate for our review and has urged us to carve out an exception to the first prong of *Golding* eliminating that requirement for himself and others similarly situated. We decline to create such an exception. *Golding* review "is reserved for those extraordinary and exceptional circumstances when a denial of review would deprive a defendant of a fundamental constitutional right." *State* v. *Williams*, 60 Conn. App. 575, 578, 760 A.2d 948, cert. denied, 255 Conn. 922, 763 A.2d 1043 (2000). Obviously then, *Golding* is itself an exception used to save claims that would otherwise be forsaken. In an effort to save his claim, the defendant has in essence requested that we create an exception to an exception. That we cannot do. We conclude that the record is inadequate for review and, therefore, that the defendant's claim fails to satisfy the first prong of *Golding*.

Accordingly, the defendant has not satisfied either exception to the general rule precluding the withdrawal of a plea after the imposition of a sentence. Thus, we will

---

[2] The defendant cited *Webb* as support for his contention that after five years, the denial of his motion to withdraw still is reviewable. He claims that his case is similar to *Webb* because there, the claim was filed seventeen months after the proceedings had concluded, yet it was reviewable. That reliance is misplaced because the defendant in *Webb* was subject to deportation as a result of his guilty plea, and he therefore had a statutory right to withdraw his plea after sentencing under General Statutes § 54-1j (c). The situation in this case, therefore, is different from the situation in *Webb*.

not review his claim. Consequently, the court properly determined that it did not have the authority to consider his untimely motion for withdrawal of his plea and properly dismissed his motion and denied his request to hold an evidentiary hearing.

The judgment is affirmed.

In this opinion the other judges concurred.